UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

---

CASE NO.: 25-10108-D

**DONALD VAN DORSTEN, JR.,**

**Appellant,**

**v.**

**WAL-MART STORES EAST, LP,**

**Appellee.**

---

On Appeal From The United States District Court
Middle District Of Florida
District Court Case No.: 6:22-cv-019790-WWN-DCI

---

**PRINCIPAL BRIEF OF APPELLANT**

---

**Douglas H. Stein, Esq.**
DOUGLAS H. STEIN, P.A.
121 Alhambra Plaza, Suite 1500
Coral Gables, Florida 33134
Telephone: (305) 206-1506
Email: dhs@steinappeal.com

Counsel for Appellant

*Van Dorsten v. Wal-Mart*
Case No. 25-10108-D

## APPELLANT'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant, Donald Van Dorsten, Jr., LLC, pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2 and 26.1-3, hereby certifies that the following persons or entities may have an interest in the outcome of this litigation:

1. Berger, Wendy W. – U.S. District Judge, Middle District of Florida

2. Dorsten, Donald Van – Appellant

3. Douglas H. Stein, P.A.  – Counsel for Appellant

4. Fezza, Jason C. – Counsel for Appellant

5. Henderson, Franklin, Starnes & Holt, P.A. – Counsel for Appellee

6. Irick, Daniel C. – U.S. Magistrate Judge, Middle District of Florida

7. Pacin Levine, P.A. – Counsel for Appellant

8. Sharkey, Amanda J. – Counsel for Appellee

9. Stein, Douglas H. – Counsel for Appellant

10. White, Robert V. – Counsel for Appellee

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, and

C-1 of 2

*Van Dorsten v. Wal-Mart*
Case No. 25-10108-D

Eleventh Circuit Local Rules 26.1-1, 26.1-2 and 26.1-3, Appellant Donald Van Dorsten, Jr. hereby discloses that he is not a publicly held corporation and is not a subsidiary of any other corporation. He has no subsidiaries, conglomerates or affiliates and no publicly held corporation owns more than 10% of his stock.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Van Dorsten believes that Oral Argument will be helpful in addressing the issues before this Court. Mr. Van Dorsten therefore respectfully requests Oral Argument.

## TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement .................C-1

Statement Regarding Oral Argument ........................................................................i

Table of Contents ..................................................................................................... ii

Table of Authorities ................................................................................................iv

Statement of Jurisdiction...........................................................................................1

Statement of the Issues .............................................................................................2

Statement of the Case and Facts ...............................................................................3

Standard of Review....................................................................................................7

Summary of the Argument.........................................................................................8

Argument....................................................................................................................11

    I. THE DISTRICT COURT ERRED IN ENTERING
    SUMMARY JUDGMENT IN THIS NEGLIGENCE SLIP
    AND FALL CASE ...........................................................................................11

       A. There Is An Issue Of Fact As To Whether The
       Dangerous Condition Existed For Such A Length Of
       Time That Wal-Mart Had Constructive Notice Of It ..................14

         1. The Photographic Evidence .......................................................16

         2. The Video Evidence ...................................................................22

B.     There Is An Issue Of Fact As To Whether The Dangerous Condition Occurred With Regularity And Was Therefore Foreseeable ........................................................... 35

Conclusion ........................................................................... 38

Certificate of Compliance ........................................................... 38

Certificate of Service ............................................................... 39

iii

## <u>TABLE OF AUTHORITIES</u>

### <u>United States Circuit Courts of Appeal</u>

\* *Acosta v. Miami-Dade County*,

    97 F.4th 1233 (11th Cir. 2024) ................................................................12, 18

*Baxter v. Santiago-Miranda*,

    121 F.4th 873 (11th Cir. 2024) ................................................................7, 11

*Berbridge v. Sam's East, Inc.,*

    728 F. App'x 929 (11th Cir. 2018) .............................................................11

*Deakins v. Wal-Mart Stores East, LP,*

    2024 WL 413452 (11th Cir. Feb. 5, 2024) ................................................2, 17

*Doudeau v. Target Corp*.,

    572 F. App'x 970 (11th Cir. 2014) ..........................................................30, 31

\* *Felder v. Sam's East, Inc.*,

    2024 WL 4430482 (11th Cir. Oct. 7, 2024) .........................11, 12, 16, 19, 36

\* *Gonzalez v. Wal-Mart Stores, Inc.,*

    2023 WL 4841921 (11th Cir. July 28, 2023) ..........................................24, 25

*Hernandez v. Sam's East, Inc.,*

    2022 WL 15562302 (11th Cir. Oct. 28, 2022) .............................................20

*In re Home Depot Inc.*,

     931 F.3d 1065 (11th Cir. 2019) ........................................................................7

*Palavicini v. Wal-Mart Stores East, LP*,

     787 F. App'x 1007 (11th Cir. 2019) ..............................................................16

*Plott v. NCL American, LLC*,

     786 F. App'x 199 (11th Cir. 2019) ................................................................30

*Redding v. Coloplast Corp.*,

     104 F.4th 1302 (11th Cir. 2024) ....................................................................12

*\* Sutton v. Wal-Mart Stores East, LP*,

     64 F.4th 1166 (11th Cir. 2023) ....................................................12, 15, 16, 20

**<u>United States District Courts</u>**

*Avila Andrade v. Wal-Mart Stores East, LP,*

     2023 WL 6846670 (S.D. Fla. Oct. 17, 2023) ................................................21

*Ayers v. Wal-Mart Stores, East, L.P.*,

     2017 WL 747541 (S.D. Fla. Feb. 27, 2017) ..................................................32

*Bray v. Nike Retail Services, Inc.,*

     2018 WL 3414557 (N.D. Fla. June 4, 2018) ............................................32, 33

*Felder v. Sam's Club East, Inc.,*

    2023 WL 3600041(S.D. Fla. May 23, 2023),

    *rev'd*, 2024 WL 4430482 (11th Cir. Oct. 7, 2024)........................................36

*Garcia v. Wal-Mart Stores East, L.P.,*

    2015 WL 898582 (M.D. Fla. Mar. 3, 2015)....................................................30

*Haiser v. MSC Cruises (USA) Inc.,*

    2019 WL 4693200 (S.D. Fla. Aug. 9, 2019)...................................................30

*Nguyen v. Costco Wholesale Corp.,*

    2020 WL 1976215 (S.D. Fla. Apr. 24, 2020)..................................................32

 *Sosa v. Costco Wholesale Corp.,*

    2019 WL 3890865 (S.D. Fla. June 28, 2019)..................................................36

*Straube v. Moran Foods, LLC*,

    2016 WL 6246539 (M.D. Fla. Oct. 25, 2016).................................................21

*Strode v. Wal-Mart Stores, Inc.,*

    2021 WL 4125174 (M.D. Fla. Sept. 9, 2021),

    *aff'd,* 2022 WL 1641602 (11th Cir. May 24, 2022).......................................31

*Torres v. Wal-Mart Stores East, L.P.,*

    555 F. Supp. 3d 1276 (S.D. Fla. 2021).........................................................30

vi

*Valderrama v. Costco Wholesale Corp.,*

    2024 WL 3635735 (M.D. Fla. July 8, 2024) ..................................................21

*Zhanadova v. Wal-Mart Stores East, LP,*

    2023 WL 2212501 (S.D. Fla. Jan. 19, 2023),

    *aff'd,* 2023 WL 6534188 (11th Cir. Oct 6, 2023) 2019)................................31

**<u>Florida State Courts</u>**

\* *Carpio v. Western Beef of Florida, LLC,*

    384 So. 3d 192 (Fla. 4th DCA 2024)...........................................................28

*CitiMortgage, Inc. v. Porter,*

    261 So. 3d 739 (Fla. 3d DCA 2018)...........................................................15

*Duran v. Crab Shack Acquisition, FL, LLC,*

    384 So. 3d 821 (Fla. 5th DCA 2024)...........................................................17

\* *Encarnacion v. Lifemark Hospitals of Florida,*

    211 So. 3d 275 (Fla. 3d DCA 2017)...........................................................15

*Greeley v. Wal-Mart Stores East, LP,*

    337 So. 3d 478 (Fla. 2d DCA 2022)...........................................................37

*Kenz v. Miami-Dade County,*

    116 So. 3d 461 (Fla. 3d DCA 2013)...........................................................14

*Khorran v. Harbor Freight Tools USA, Inc.,*

    251 So. 3d 962 (Fla. 3d DCA 2018)..............................................................15

*Markowitz v. Helen Homes of Kendall Corp.,*

    826 So. 2d 256 (Fla. 2002) .....................................................................29, 30

\* *McCarthy v. Broward College,*

    164 So. 3d 78 (Fla. 4th DCA 2015)..........................................................27, 28

*Owens v. Publix Supermarkets, Inc.,*

    802 So. 2d 315 (Fla. 2001) ...........................................................................2

*Suker v. White Family Limited Partnership,*

    193 So. 3d 1028 (Fla. 4th DCA 2016)..........................................................16

*Teate v. Winn-Dixie Stores, Inc.,*

    524 So. 2d 1060 (Fla. 3d DCA), *rev.*

    *denied*, 534 So. 2d 402 (Fla. 1988) .............................................................29

*Valdes v. Verona at Deering Bay Condominium Association, Inc.,*

    394 So. 3d 702 (Fla. 3d DCA 2024)............................................................17

\* *Walker v. Winn-Dixie Stores, Inc.,*

    160 So. 3d 909 (Fla. 1st DCA 2014) ......................................................15, 36

*Welch v. CHLN, Inc.,*

    357 So. 3d 1277 (Fla. 5th DCA 2023)..........................................................29

viii

*Wilson–Greene v. City of Miami*,

    208 So. 3d 1271 (Fla. 3d DCA  2017)......................................................12, 15

*Winn Dixie Stores, Inc. v. Benton*,

    576 So. 2d 359 (Fla. 4th DCA), *rev.*

    *denied*, 589 So. 2d 294 (Fla. 1991) ...............................................................29

## **Statutes**

28 U.S.C. §1291 ...............................................................................................1

28 U.S.C. §1332 ...............................................................................................1

Florida Statute §768.0755 ............................................................................8, 13, 35

# STATEMENT OF JURISDICTION[1]

This is an appeal of a final judgment entered in a case in which Donald Van Dorsten, Jr. ("Mr. Van Dorsten"), a citizen of the State of Florida, is seeking damages in excess of $75,000 for personal injuries he alleges were caused by Wal-Mart Stores East, LP ("Wal-Mart"), a corporate citizen of Delaware and Arkansas with its principal place of business in Bentonville, Arkansas.

The final judgment was entered December 18, 2014. (D.E. 72; A. 392-94). Mr. Van Dorsten filed the Notice of Appeal on January 10, 2025. (D.E. 75; A. 395-408).

The District Court had diversity jurisdiction pursuant to 28 U.S.C. §1332. This Court has appellate jurisdiction pursuant to 28 U.S.C. §1291 as an appeal from a final decision of the District Court.

---

[1]Throughout this Principal Brief of Appellant, the Record on Appeal is referred to by the Docket Entry ("D.E.") number followed by the corresponding specific Bates-stamped page number of the Appendix ("A."). The Record on Appeal contains two (2) videos that were filed with the District Court. (D.E. 40; A. 138-39). Pursuant to the instructions of the Clerk of this Court, this Court will obtain the video from the District Court. The first video is titled "1010 to 1101-OGP_Tower 12.6.2020" and in this Brief will be referred to as "Video 1." The second video is titled "1101 to 1154-OGP_Tower 12.6.2020" and in this Brief will be referred to as "Video 2." Although the video itself is not included in the Appendix, throughout this Brief, the video will be referred to as "D.E. 40," followed by either "Video 1" or "Video 2" and then followed by the minute marker depicted on the video.

## <u>STATEMENT OF THE ISSUES</u>

Whether the District Court erred in ruling that the evidence and inferences arising therefrom are insufficient to create a genuine issue of fact as to whether Wal-Mart had constructive notice of a transitory foreign substance[2] on the floor upon which Mr. Van Dorsten slipped and was injured.

---

[2]"The Florida Supreme Court has defined a transitory foreign substance as any liquid or solid substance, item or object located where it does not belong. *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 317 n.1 (Fla. 2001)." *Deakins v. Wal-Mart Stores E., LP*, 2024 WL 413452, at *2 (11th Cir. Feb. 5, 2024)(internal quotation marks omitted).

## <u>STATEMENT OF THE CASE AND FACTS</u>

This is an appeal of a summary judgment entered against Mr. Van Dorsten. (D.E. 71, 72; A. 381-90, 392-93). Mr. Van Dorsten filed a Complaint in the Eighteenth Judicial Circuit in and for Brevard County, Florida, naming Wal-Mart as the defendant. (D.E. 1-1; A. 15-18). Mr. Van Dorsten alleged that Wal-Mart's negligence caused him to slip and fall on a wet floor thereby causing him personal injury.

Wal-Mart filed its Answer, Affirmative Defenses, And Demand For Jury Trial, denying all relevant allegations, and raising various affirmative defenses including that it did not have actual or constructive notice of the dangerous condition. (D.E. 1-3; A. 20-24).

Wal-Mart removed the action to the United States District Court for the Middle District of Florida. (D.E.1; A. 26-33).

On June 20, 2024, Wal-Mart filed its Motion For Final Summary Judgment (D.E 37; A. 35-136), attaching the deposition transcript of Mr. Van Dorsten. Wal-Mart argued that Mr. Van Dorsten had not presented sufficient evidence to raise an issue of fact regarding whether Wal-Mart had constructive notice of the dangerous condition in the store.

At his deposition Mr. Van Dorsten testified that he was walking through the store when he slipped and fell. (D.E. 37; A. 85). He was helped to a chair and noticed that he had slipped in a puddle of liquid that was approximately twelve (12) inches around. (D.E. 37; A. 85-86). He had not seen the puddle before he slipped. (D.E. 37; A. 85). The liquid looked clear and he was not close enough to know if it had an odor. (D.E. 37; A. 86).

On July 19, 2024, Mr. Van Dorsten filed his Response In Opposition To Walmart Stores East, LP's Motion For Summary Judgment. (D.E. 41; A. 145-368). He argued that there were numerous genuine issues of material fact that precluded summary judgment. In support of his Response, Mr. Van Dorsten filed twelve (12) photographs of the puddle taken after the fall and depicting the area of the liquid, with the splattering of the liquid spreading across the floor and dried and dirty edges. (D.E. 41; A. 242-53). When reviewing the photographs at her deposition, Wal-Mart's corporate representative, Angela Headley, admitted that the liquid was dried up in parts. More specifically, she testified "[o]ne photograph looks like its dried up on the floor. So I have two photographs that show like a droplet and then the other photographs look like it's dried up on the floor. . ." (D.E. 41; A. 205).

Additionally, Mr. Van Dorsten filed videos from security cameras that begin almost an hour before Mr. Van Dorsten fell, and do not reveal any spills or obvious

sources of liquid. (D.E. 40). The video shows at least ten (10) employees walking through the area of the liquid multiple times within the hour before the fall without ever looking down or inspecting the floor, including the following which all occurred within twelve (12) minutes before the fall which occurred at 11:09 am (D.E. 40; 8:32 minute mark):

a. Wal-Mart worker pushes loaded shopping cart over area of liquid/fall (D.E. 40; Video 1 at 47:31 minute mark);

b. Wal-Mart worker walks through area of liquid/fall (D.E. 40; Video 1 at the 49:06 minute mark);

c. Wal-Mart employee pulls oversized and loaded pallet over area of liquid/fall (D.E. 40; Video 1 at the 49:25 minute mark);

d. Wal-Mart worker walks through area of liquid/fall (D.E. 40; Video 2 at the 0:26 minute mark);

e. Wal-Mart worker walks through area of liquid/fall (D.E. 40; Video 2 at the 3:10 minute mark);

f. Wal-Mart worker walks through area of liquid/fall (D.E. 40; Video 2 at the 6:32 minute mark).

Additionally, Wal-Mart's employee, Josh Kersey, testified that the store's ceiling leaked over multiple areas (D.E. 41; A. 315), liquids would regularly be

discovered on the floor of the store and liquids on the store's floor was a "constant" and "everyday thing." (D.E. 41; A. 291-93). He testified that people were constantly claiming injuries from slipping in the liquids. (D.E. 41; A. 291-92).

On August 1, 2024, Wal-Mart filed its Motion To Strike And/Or Reply To Plaintiff's Response In Opposition To Walmart Stores East, LP's Motion For Summary Judgment. (D.E. 48; A. 370-76).

On August 2, 2024, Wal-Mart filed its Notice of Withdrawal Of Motion To Strike Plaintiff's Response In Opposition To Summary Judgment As Untimely And Notice Of Maintaining Reply To Plaintiff's Response In Opposition To Summary Judgment. (D.E. 50; A. 378-79).

On December 16, 2024, the District Court entered its Order in which it granted Wal-Mart's Motion For Final Summary Judgment and directed that a judgment be entered against Mr. Van Dorsten. (D.E. 71; A. 381-90). The District Court found that Mr. Van Dorsten had not presented sufficient evidence to establish a genuine issue of material fact as to Wal-Mart's constructive notice.

On December 18, 2024, the Judgment In A Civil Case was entered in favor of Wal-Mart and against Mr. Van Dorsten. (D.E. 72; A. 392-93).

Mr. Van Dorsten timely initiated this appeal. (D.E. 75; A. 395-408).

## **STANDARD OF REVIEW**

The entry of a summary judgment is subject to *de novo* review. *Baxter v. Santiago-Miranda*, 121 F.4th 873, 883 (11th Cir. 2024).

Additionally, if an appellant presented an "issue" to the lower tribunal, the appellant can present on appeal any argument in support of that issue - - even those that were not argued below or are contrary to those argued below. *In re Home Depot Inc.*, 931 F.3d 1065, 1086 (11th Cir. 2019)("If an issue is properly presented, a party can make any argument in support of that issue; parties are not limited to the precise arguments they made below.").

## SUMMARY OF THE ARGUMENT

Where a business invitee slips and falls on a "transitory foreign substance" in a business establishment as occurred here, proof of the breach of duty is governed by Florida Statute §768.0755. The question here is whether the record evidence and reasonable inferences arising therefrom, when viewed in a light most favorable to Mr. Van Dorsten, contain a genuine issue of material fact as to Wal-Mart's constructive knowledge of the dangerous condition.

Constructive knowledge may be inferred if the dangerous condition existed for such a length of time that in the exercise of ordinary care, the premises owner should have known of it and taken action to remedy it. When considering whether there is an issue of fact for submission to a jury, courts look to the length of time the condition existed before the accident occurred. Evidence that the condition existed for a sufficient length of time to constitute constructive notice includes evidence of the state of the liquid at the time of the fall giving rise to an inference that the liquid was not in that state in its original condition, or evidence that an inspection of the floor had not been made within a particular amount of time before the accident.

Drying and the dirty state of the liquid is evidence that it was present on the floor for a time sufficient to provide the premise owner with constructive notice of

the condition. Here, the photographs of the area where Mr. Van Dorsten fell showing the approximate 12-inch area of the puddle, with the splattering spreading across the floor tile and dried dirty edges, constitute evidence to raise an issue of fact as Wal-Mart's constructive notice of the dangerous condition.

Additionally, notwithstanding that all reasonable inferences must be construed in favor of Mr. Van Dorsten, the District Court erroneously construed the reasonable inferences arising from the video evidence against Mr. Van Dorsten rather than against Wal-Mart. It further discounted the fact that, notwithstanding it being Wal-Mart's policy that its employees constantly inspect and maintain the floors of the store on a continuing basis, the video shows that within the hour before Mr. Van Dorsten fell, at least ten (10) employees walked through the area of the puddle multiple times without ever looking down or inspecting the floor. Florida courts have consistently held that evidence of a defendant's failure to inspect an area within a reasonable amount of time, or a defendant's employee's proximity to a dangerous condition, should have led that employee to know of the condition, is evidence sufficient to preclude summary judgment.

Lastly, constructive notice can also be established with circumstantial evidence that the condition occurred with regularity and was therefore foreseeable. Here, Wal-Mart's employee testified that the ceiling of the store leaked over

9

multiple areas of the store and that there were frequent liquid spills on the floor. This evidence raises a reasonable inference that the liquid on the floor was foreseeable and Wal-Mart should have discovered its presence through the exercise of ordinary care in inspecting the premises. Because a reasonable jury could conclude the condition occurred with regularity and was foreseeable, summary judgment was not proper.

The evidence in the instant case at the very least raises reasonable inferences that the liquid in which Mr. Van Dorsten slipped had been present on the floor for a sufficient amount of time to provide Wal-Mart with constructive notice of the condition. That evidence precludes summary judgment. This Court should reverse the Final Judgment entered for Wal-Mart.

## ARGUMENT

## I. THE DISTRICT COURT ERRED IN ENTERING SUMMARY JUDGMENT IN THIS NEGLIGENCE SLIP AND FALL CASE.

Mr. Van Dorsten was injured when he slipped and fell in a puddle of liquid on the floor at the business premises of Wal-Mart. Notwithstanding the plethora of evidence, including photographs and video, creating a genuine issue of material fact, the District Court entered a summary judgment against Mr. Van Dorsten. That summary judgment must be reversed.

"[A] district court's grant of summary judgment [is reviewed] *de novo*, viewing all the evidence, and drawing all reasonable factual inferences, in favor of the nonmoving party." *Baxter v. Santiago-Miranda*, 121 F.4th 873, 883 (11th Cir. 2024). "A reasonable inference is one that a reasonable and fair-minded person in the exercise of impartial judgment might draw from the evidence." *Berbridge v. Sam's E., Inc.,* 728 F. App'x 929, 932 (11th Cir. 2018)(citations omitted). Although a reasonable inference cannot be founded on speculation, guess-work or mere possibility, "[r]easonable inferences may rest in part on conjecture, for an inference by definition is at least partially conjectural." *Id.* (citations omitted).

"[S]ummary judgment is appropriate only if there are no genuine issues of material fact],]" *Felder v. Sam's East, Inc.*, 2024 WL 4430482, *2 (11th Cir. Oct.

11

7, 2024) and "if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." *Redding v. Coloplast Corp.*, 104 F.4th 1302, 1308 (11th Cir. 2024)(citations omitted). As this Court noted where a summary judgment had been entered in a slip-and-fall case against Wal-Mart, "[t]he only question for us to decide is whether the record evidence, when viewed in a light most favorable to [the appellant], contains a genuine dispute of material fact over Wal-Mart's constructive knowledge of the grape that caused her fall." *Sutton v. Wal-Mart Stores East, LP*, 64 F.4th 1166, 1168 (11th Cir. 2023). When answering that question, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, so they are not appropriate determinations to make at the summary judgment stage." *Acosta v. Miami-Dade Cnty.,* 97 F.4th 1233, 1238 (11th Cir. 2024).

Because the District Court's jurisdiction depended on diversity of citizenship, the substantive law of the forum state, Florida, is applied. *Felder*, 2024 WL 4430482, *2. In Florida, a negligence claim has four elements: (1) a duty by the defendant to conform to a certain standard of conduct; (2) a breach by the defendant of that duty; (3) a causal connection between the breach and injury to the plaintiff; and (4) loss or damage to the plaintiff. *Wilson–Greene v. City of Miami*,

208 So. 3d 1271 (Fla. 3d DCA 2017). However, where a business invitee slips and falls on a "transitory foreign substance" in a business establishment as occurred here, proof of the breach of duty is statutorily constrained by Florida Statute §768.0755 which provides as follows:

> **768.0755. Premises liability for transitory foreign substances in a business establishment**
>
> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. **Constructive knowledge may be proven by circumstantial evidence showing that:**
>
> > (a) **The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or**
> >
> > (b) **The condition occurred with regularity and was therefore foreseeable.**
>
> (2) This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

Fla. Stat. §768.0755 (emphasis added).

The statute does not create any new element of a cause of action for negligence. "Rather, by requiring that the plaintiff prove actual or constructive

knowledge, the statute codifies a *means and method* by which a plaintiff shows that the defendant-business establishment has breached its duty of care." *Kenz v. Miami-Dade Cty.,* 116 So. 3d 461, 464 (Fla. 3d DCA 2013)(italics in original).

Here, the evidence creates issues of fact that: (1) the dangerous condition existed for such a length of time that, in the exercise of ordinary care, Wal-Mart should have known of the condition; and (2) the condition occurred with regularity and was therefore foreseeable. Those issues of fact precluded the entry of summary judgment for Wal-Mart.

A. <u>There Is An Issue Of Fact As To Whether The Dangerous Condition Existed For Such A Length Of Time That Wal-Mart Had Constructive Notice Of It.</u>

It is undisputed that Mr. Van Dorsten slipped on a substance, *i.e.* a transitory foreign substance, on Wal-Mart's premises. It is also acknowledged by Mr. Van Dorsten that there is no evidence that Wal-Mart had actual knowledge of the dangerous condition. Thus, the question is whether the record evidence and reasonable inferences arising therefrom, when viewed in a light most favorable to Mr. Van Dorsten, contain a genuine dispute of material fact as to Wal-Mart's constructive knowledge of the dangerous condition.

It is well-settled that the mere presence of the liquid on the floor is not enough to establish constructive notice. Thus, in the absence of direct evidence, the

plaintiff must introduce circumstantial evidence of "additional facts" showing that the liquid had been on the ground for a sufficient period of time. *Sutton v. Wal-Mart Stores E., LP,* 64 F.4th 1166, 1169-70 (11th Cir. 2023)

Constructive knowledge may be inferred if the dangerous condition existed for such a length of time that in the exercise of ordinary care, the premises owner should have known of it and taken action to remedy it. *Khorran v. Harbor Freight Tools USA, Inc.,* 251 So. 3d 962 (Fla. 3d DCA 2018). When considering whether there is an issue of fact for submission to a jury, courts look to the length of time the condition existed before the accident occurred. *Wilson-Greene v. City of Miami*, 208 So. 3d 1271, 1275 (Fla. 3d DCA 2017). Evidence that it existed for a sufficient length of time to constitute constructive notice includes the state of the substance at the time of the fall giving rise to an inference that the substance was not in that state in its original condition, *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275 (Fla. 3d DCA 2017), or evidence that an inspection of the floor had not been made within a particular amount of time before the accident. *Walker v. Winn-Dixie Stores, Inc.,* 160 So. 3d 909 (Fla. 1st DCA 2014). When this type of evidence or inferences (which, of course, must be construed in favor of the non-moving party, *CitiMortgage, Inc. v. Porter*, 261 So. 3d 739 (Fla. 3d DCA 2018)),

15

create an issue of fact, summary judgment may not be entered against the plaintiff. *Suker v. White Family Ltd. P'ship*, 193 So. 3d 1028 (Fla. 4th DCA 2016).

The evidence in the instant case raises at the very least an inference that the liquid in which Mr. Van Dorsten slipped had been present on the floor for a sufficient amount of time to provide Wal-Mart with constructive notice.

**1. The Photographic Evidence.**

This Court has on numerous occasions considered the type of "additional-facts," *i.e.* evidence in addition to the fact that the liquid was on the floor, that constitute sufficient evidence that a premises owner had constructive notice that a liquid was on the floor of the premises. As it recently held, drying of the liquid is evidence that it was present on the floor for a significant amount of time, *i.e.* time sufficient to provide the premise owner with constructive notice of the condition:

> Time and again, Florida's appellate courts have found constructive notice when the offending liquid was **dirty**, scuffed, or had grocery-cart track marks running through it, or if there was other evidence such as footprints, prior track marks, changes in consistency, **or drying of the liquid**.

*Sutton*, 64 F.4th at 1170 (citations and quotation marks omitted, emphasis added). *See also*, *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1012 (11th Cir. 2019)(evidence of drying of a liquid tends to show that it was on the floor for an amount of time sufficient to impute constructive notice); *Felder v. Sam's E., Inc.,*

16

2024 WL 4430482 (11th Cir. Oct. 7, 2024)(same); *Deakins v. Wal-Mart Stores E., LP,* 2024 WL 413452 (11th Cir. Feb. 5, 2024)(same); *Valdes v. Verona at Deering Bay Condo. Ass'n, Inc.,* 394 So. 3d 702 (Fla. 3d DCA 2024)(same); *Duran v. Crab Shack Acquisition, FL, LLC*, 384 So. 3d 821 (Fla. 5th DCA 2024)(same).

Here, the photographs of the area where Mr. Van Dorsten slipped show a twelve (12) inch puddle with a wide area surrounding the edges showing drying of the liquid and dirt. (D.E. 41; A. 242-53). Wal-Mart's corporate representative, Angela Headley, admitted that the liquid was dried up in parts. More specifically, she testified "[o]ne photograph looks like its dried up on the floor. So I have two photographs that show like a droplet and then the other photographs look like it's dried up on the floor. . ." (D.E. 41; A. 205).

In the Order, the District Court acknowledges that the puddle of liquid had partially dried. (D.E. 71; A. 382). However, it chose to afford no evidentiary value to that fact because the photograph depicting the drying was taken no sooner than eighteen (18) minutes after Mr. Van Dorsten fell (D.E. 71; A. 382) and showed no evidence of dirt in the liquid. (D.E. 71; A. 382).

Any review of those determinations of the District Court must begin with the black-letter law that the "weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, so they are not

appropriate determinations to make at the summary judgment stage." *Acosta v. Miami-Dade Cnty.,* 97 F.4th 1233, 1238 (11th Cir. 2024). The District Court violated that most inviolable rule.

First, the fact that the photograph was taken no sooner than eighteen (18) minutes prior to Mr. Van Dorsten's fall is not undisputed evidence that all of the drying occurred in those eighteen (18) minutes. In fact, it cannot even be reasonably inferred. The amount of drying in the photograph is substantial. A jury could easily determine that a significant amount of the drying occurred well before Mr. Van Dorsten fell, thereby indicating that the puddle had existed long before Mr. Van Dorsten fell. It was not for the District Court to determine as a matter of no dispute that all of the drying occurred after Mr. Van Dorsten fell.

Second, the District's Court's determination that the puddle showed no signs of dirt is not only debatable but is demonstrably wrong. Although the District Court described the liquid on the floor as "clear," a simple review of the photographs depicts a significant portion of the outside rim of the puddle as being dark. Notwithstanding the District Court's personal opinion that the puddle showed no signs of dirt, a jury could easily determine that the liquid was dirty and therefore on the floor for a sufficient period of time in which to impute Wal-Mart with constructive knowledge of the condition.

18

This case is very similar to *Felder v. Sam's E., Inc.,* 2024 WL 4430482 (11th Cir. Oct. 7, 2024) where the district court entered summary judgment for the defendant premises owner. Among the evidence relied on by the district court were photographs which it determined did not depict any evidence, such as footprints or track marks, which could support a finding that the defendant had constructive notice of the condition. In reversing the summary judgment, this Court noted that contrary to the district court's opinion, because the photographs actually showed that the liquid had partially dried, and a jury could view the photographs and reasonably determine that the liquid was dirty, a jury could easily determine that the liquid was on the floor for a sufficient period of time in which to impute the defendant with constructive knowledge of the condition:

> A reasonable jury could view the photographs of the water as evidence that it had partially dried. Sam's Club observes that the reflection of light in the water indicates that it was still wet, but that's not true of all the water in the photographs. Some droplets appear to have dried. **Several courts interpreting Florida law have decided that drying indicates a substance has been there long enough that the store should have noticed it.**
>
>   **Not only that but a jury could find that the water was dirty.**

*Id.* at *3 (emphasis added).

In its Order, the District Court cited five (5) cases which it believed supported its ruling that constructive notice is refuted as a matter of law if the evidence does not establish that the substance was on the floor for more than twelve (12) minutes. First, that is not the law. Even when there is no direct evidence of how long a substance was on the ground, other evidence can sufficiently prove constructive notice:

> Florida law requires that the plaintiff introduce circumstantial evidence of 'additional facts' showing that that the substance had been on the ground for an extended period before the slip-and-fall to survive summary judgment. . . Time and again, Florida's appellate courts have found constructive notice when . . . there was other evidence such as footprints, prior track marks, changes in consistency, or drying of the liquid.

*Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1169–70 (11th Cir. 2023).

Here, there is direct evidence that the liquid had dried and was dirty. Second, each of the cases cited by the District Court is demonstrably distinguishable.

In *Hernandez v. Sam's East, Inc.,* 2022 WL 15562302 (11th Cir. Oct. 28, 2022), there was evidence that the substance was not on the floor when an employee inspected the area just ten (10) minutes prior to the fall. Here, there is no evidence of any inspection of the area of the fall at any time.

20

In *Valderrama v. Costco Wholesale Corp.,* 2024 WL 3635735 (M.D. Fla. July 8, 2024) the plaintiff conceded that the defendant did not have constructive notice of the unsafe condition. Rather, it argued that there was an issue as to whether it had actual notice. Here, the issue is constructive, not actual, notice.

In *Avila Andrade v. Wal-Mart Stores E., LP,* 2023 WL 6846670 (S.D. Fla. Oct. 17, 2023) there was no evidence as to how long the footprints in the water had been there and the dangerous condition might have existed for less than two minutes. Here, there is undisputed evidence that the liquid had dried and was dirty, and therefore, had been on the floor long enough to raise an issue of fact as to Wal-Mart's constructive notice.

In *Straube v. Moran Foods, LLC*, 2016 WL 6246539 (M.D. Fla. Oct. 25, 2016), the court found it very relevant that there was evidence that an inspection of the floor had occurred prior to the plaintiff's fall. Here, there is no evidence of any inspection despite it being store policy that periodic inspections occur.

No case relied on by the District Court supports the entry of the summary judgment. When taken in a light most favorable to Mr. Van Dorsten, the evidence shows the liquid had been on the floor for a period of time long enough to impute constructive notice on Wal-Mart. At a minimum, there is a genuine issue of fact as to how long the liquid was on the floor, certainly enough for a jury to conclude it

21

was there for a substantial amount of time. The photographs showing the area of the liquid, with the splattering spreading across the floor tile and dried dirty edges, coupled with the deposition of Wal-Mart's corporate representative, are sufficient in and of themselves to impute constructive notice of the dangerous condition to Wal-Mart. But there is more.

## 2. __The Video Evidence.__

In the Order, the District Court relies heavily on an over-head video taken by a security camera of the area in which Mr. Van Dorsten fell. Although the District Court notes that there is video of the one-hour periods prior to and after Mr. Van Dorsten's fall (D.E. 71; A. 382), it chooses to focus only on the seven (7) minute period prior to the fall. The District Court notes that at approximately seven (7) minutes before the fall, a family with a shopping cart stands for approximately one (1) minute at the approximate spot where the substance was on the floor. The District Court further notes that there is a child in the cart who "appears to be eating or drinking" and the item is taken from the child and placed into the main basket of the cart. (D.E. 71; A. 382). The District Court then states that "when the family exits the area, there is a visible shine in the video that was not present before the family stands in the area. (*Id*. at 1:56)." (D.E. 71; A. 382). The District Court then notes that the "shine" remains on the floor as multiple customers "and

employees" pass by "casting shadows over the reflective surface. (*Id.* at 1:56-8:32)." (D.E. 71; A. 382). Approximately six and half (6½) minutes later, Mr. Van Dorsten falls at the "reflective spot" in the video. (D.E. 71; A. 382).

More important than what the District Court states is what it does not state. Although the District Court states that the child "**appears** to be eating or drinking" the District Court did not state that the child **was** eating or drinking. Even if the child was eating or drinking, **the District Court never states that the video depicts any liquid falling to the floor from the cart or the child**. Rather, the District Court inferred it, and inferred it against Mr. Van Dorsten.

Additionally, although the District Court claims to see a "reflective spot" on the floor that it believes was not present before the family arrived, Mr. Van Dorsten submits there is no discernable difference in the reflective nature of the floor before and after the presence of the family. (D.E. 40). Moreover, even if there were a "reflective spot" after the family left, that spot could have been caused by a myriad of things other than a liquid. It could have been caused by shifting shadows, a nearby light turning on, a closed door opening and shining light from within or by an item/substance other than what caused Mr. Van Dorsten to fall. The District Court itself relies on the "shadows cast" by people passing by the area to opine that there was a "reflective surface." (D.E. 71; A. 382).

23

Thus, notwithstanding the District Court's description of the evidence as "direct evidence" (D.E. 71; A. 388), in reality there is no direct evidence that the District Court could rely on. Rather, it inferred that: (1) the child was eating or drinking something; (2) whatever that "something" was spilled on the floor; (3) there was a "reflective spot" on the floor after the family left; and (4) that reflective spot was caused by whatever caused Mr. Van Dorsten to fall. However, just as easily inferable from the video is that: (1) the child was not eating or drinking anything; (2) nothing from the child or cart spilled on the floor; (3) there is no "reflective spot" on the floor after the family left; and (4) even if there was, it was the result of something other than what caused Mr. Van Dorsten to fall.

This case is very similar to *Gonzalez v. Wal-Mart Stores, Inc.,* 2023 WL 4841921 (11th Cir. July 28, 2023) where the district court entered summary judgment for the defendant premises owner. In addition to arguing that liquid on the floor was caused to be there by the defendant, the plaintiff alternatively argued that the liquid had been on the floor for a time adequate to provide the defendant with constructive notice of the condition.

Among the evidence relied on by the district court was video which depicted a shopping cart that was stationary for more than 1½ hours. Thereafter the cart was moved, and a "smudge" was revealed where the cart had been. Eight (8) minutes

24

after the cart was moved and the "smudge" appeared, the plaintiff fell at that exact spot. Notwithstanding that the condition on the floor was only apparent for eight (8) minutes, this Court reversed the summary judgment and held that a reasonable jury could determine that the defendant had constructive notice of the condition.

In the instant case, the District Court found that the approximate seven (7) minutes between when the family left the area, to when Mr. Van Dorsten fell, was as a matter of law an insufficient amount of time to find that Wal-Mart had constructive notice of the condition. The District Court cites no case which creates a bright-line time period which establishes such a rule. Rather, it cites to examples where some courts determined that under the particular circumstances of that case fifteen (15) minutes was sufficient, and where courts in other cases determined that under the particular circumstances of that case thirteen (13) minutes was insufficient. What the District Court did not do was explain why *Gonzalez v. Wal-Mart*, and the time period at issue in that case, *i.e.*, eight (8) minutes, which this Court held was sufficient to establish an issue of fact regarding constructive notice, does not control this case.

Additionally, the District Court discounted the fact that the video depicted that "at least five employees walk in or near the area of the spill" between the time when the family left the area to when Mr. Van Dorsten fell. (D.E. 71; A. 387).

25

Wal-Mart's policies and procedures require its employees to constantly inspect and maintain the floors of the store on a continuing basis. (D.E. 37; A. 37-38). In fact, they must keep a towel in their pockets to clean any spills they come across. (D.E. 41; A. 181-82). Thus, Wal-Mart employees are tasked with being alert for spills at all times.

Here, including those employees mentioned by the District Court, the video shows that within the hour before Mr. Van Dorsten fell, at least ten (10) employees walked through the area of the liquid multiple times without ever looking down or inspecting the floor. These include the following which all occurred within twelve (12) minutes before the fall:

a. Wal-Mart worker pushes loaded shopping cart over area of liquid/fall (D.E. 40; Video 1 at 47:31 minute mark);

b. Wal-Mart worker walks through area of liquid/fall (D.E. 40; Video 1 at the 49:06 minute mark);

c. Wal-Mart employee pulls oversized and loaded pallet over area of liquid/fall (D.E. 40; Video 1 at the 49:25 minute mark);

d. Wal-Mart worker walks through area of liquid/fall (D.E. 40; Video 2 at the 0:26 minute mark);

  e. Wal-Mart worker walks through area of liquid/fall (D.E. 40; Video 2 at the 3:10 minute mark);

  f. Wal-Mart worker walks through area of liquid/fall (D.E. 40; Video 2 at the 6:32 minute mark).

As admitted by Wal-Mart in its Motion For Final Summary Judgment, "[a]ll Walmart employees are trained and tasked with constantly inspecting and maintaining the floors of the subject store on an continuing basis per Defendant's Policies and Procedures." (D.E. 37; A. 137-38). The video evidence clearly depicts that none of the employees during the hour before the fall, including after the family with the child left the area, ever glanced down at the floor. This is a violation of Wal-Mart's standard policies to be constantly looking for slip hazards. Florida courts have consistently held that evidence of a defendant's failure to inspect an area within a reasonable amount of time, or a defendant's employee's proximity to a dangerous condition, is evidence sufficient to preclude summary judgment. In short, the defendant has constructive notice because its employees were in the vicinity of the spill and should have seen it if they had adhered to the defendant's policies and procedures. As held in *McCarthy v. Broward College,* 164 So. 3d 78, 81 (Fla. 4th DCA 2015):

> **[T]his court has a line of cases holding that "evidence that no inspection had been made during a particular period of time prior to an accident may warrant an inference that the dangerous condition existed long enough so that the exercise of reasonable care would have resulted in discovery.** *Schmidt v. Bowl Am. Fla., Inc.,* 358 So.2d 1385, 1387 (Fla. 4th DCA 1978). For example, summary judgment in favor of a defendant was reversed because a plaintiff, in her affidavit, indicated that no worker or customer had "entered or exited the area where the fall occurred" in the fifteen minutes prior to the plaintiff falling on a creamy substance. *Lynch v. Target Stores, Div. of Dayton Hudson Corp.,* 790 So.2d 1193, 1194 (Fla. 4th DCA 2001). This fact supported "a reasonable inference that the foreign substance had been on the floor for a minimum of fifteen minutes," and the determination as to whether fifteen minutes was "sufficient time in which [the defendant] should have become aware of this condition is for the trier of fact." *Id.*

*Id.* at 81 (emphasis added).

In *Carpio v. Western Beef of Florida, LLC*, 384 So. 3d 192, 194 (Fla. 4th DCA 2024) the court held:

> Unlike other cases where summary judgment was affirmed because of a lack of evidence supporting the claim that the material was on the floor long enough to impute constructive knowledge to the defendant, appellant's testimony here established more than just the description of the water in which she fell. Further . . . the record evidence in this case shows the presence of at least one store employee stationed at the location where the fall occurred, which further supports the possibility of the defendant's constructive knowledge of the water on the floor. When viewed together, a reasonable jury could

28

> view the summary judgment evidence and infer that the
> water was on the floor long enough for several
> individuals, perhaps more than two, to walk through it
> such that appellees should have detected it.

*Id*. (citations and quotation marks omitted). *See also, Markowitz v. Helen Homes of Kendall Corp.,* 826 So. 2d 256, 261 (Fla. 2002)("The fact that there were three employees in the vicinity of where the fall occurred is sufficient to create a jury question as to whether Helen Homes exercised reasonable care under the circumstances to maintain its premises in a safe condition."); *Welch v. CHLN, Inc.,* 357 So. 3d 1277, 1279 (Fla. 5th DCA 2023)("This conclusion [of constructive notice] is reinforced by the presence of at least one CHLN employee stationed at the salad bar "at all times.""); *Winn Dixie Stores, Inc. v. Benton*, 576 So. 2d 359 (Fla. 4th DCA), *rev. denied*, 589 So. 2d 294 (Fla. 1991)(evidence that the floor had not been inspected during the afternoon of the fall or swept in the thirty (30) minutes prior to the fall, created an issue of fact as to the store's constructive notice which required the issue to be decided by a jury); *Teate v. Winn-Dixie Stores, Inc.,* 524 So. 2d 1060 (Fla. 3d DCA), *rev. denied*, 534 So. 2d402 (Fla. 1988)(evidence that the area at which the fall occurred had not been cleaned for fifteen (15) to twenty (20) minutes was a factor in finding that there was an issue of fact as to the store's constructive notice which required the issue to be decided

29

by a jury); *Torres v. Wal-Mart Stores E., L.P.,* 555 F. Supp. 3d 1276, 1283–84 (S.D. Fla. 2021)("Beyond the length of time, courts are more likely to find that a business had constructive notice when the business's employees were "in the vicinity of where the fall occurred." *Plott v. NCL Am., LLC*, 786 F. App'x 199, 203 (11th Cir. 2019)(quoting *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 261 (Fla. 2002)); *see also Haiser v. MSC Cruises (USA) Inc.*, 2019 WL 4693200, at *5 (S.D. Fla. Aug. 9, 2019)(finding that the crewmembers "should have known about the presence of water on floor since they were in the immediate vicinity"); *Garcia v. Wal-Mart Stores E., L.P.,* 2015 WL 898582, at *3 (M.D. Fla. Mar. 3, 2015)("[C]ircumstantial evidence of a business owner's neglect in inspecting its premises may establish constructive knowledge. The most common examples are when a business owner fails to follow its own implemented inspection procedures or fails to inspect its premises at a reasonable rate.").

In accordance with applicable Florida law, this Court in *Doudeau v. Target Corp.*, 572 F. App'x 970 (11th Cir. 2014), held that a genuine dispute existed as to the issue of constructive notice and reversed the district court's summary judgment entered for the defendant. Similar to this case, an employee had walked past the area where the slip occurred only four (4) minutes before the fall. However, "his gaze [was] not on the floor but instead at the customers." *Id*. at 972. The video did

30

"not reveal any water being spilled on the floor between [the employee's] walkthrough and [the plaintiff's] fall." *Id*. The Court inferred that "the water could have been on the floor long enough for Target to discover it." *Id*.

The District Court's reliance on *Strode v. Wal-Mart Stores, Inc.,* 2021 WL 4125174 (M.D. Fla. Sept. 9, 2021), *aff'd,* 2022 WL 1641602 (11th Cir. May 24, 2022) is unavailing. There, the judge noted that the "mere failure to conduct an inspection, without more, will not carry the day for Ms. Strode under section 768.0755. . . Rather, a lack of inspection for spills can circumstantially help establish constructive knowledge of the existence of the spill for the time period since the last inspection, when coupled with other circumstantial evidence." *Id*. at *4 (underlining in original). In the instant case, the evidence of the liquid drying and being dirty distinguishes *Strode* and precludes summary judgment.

The District Cout also cited cases to support its erroneous ruling that the fact that there were employees in the area of the fall who had the opportunity to view the liquid on the floor is irrelevant. Each of those cases is distinguishable.

In *Zhanadova v. Wal-Mart Stores E., LP,* 2023 WL 2212501 (S.D. Fla. Jan. 19, 2023), *aff'd,* 2023 WL 6534188 (11th Cir. Oct 6, 2023), the court found that there was no evidence that the people in the video were employees of the defendant. Here, it is undisputed that those people are employees of Wal-Mart. The

31

*Zhanadova* court also found that there was no evidence as to which direction the people were looking. Here, it is undisputed that the employees were looking in the direction of the spill, but did not look down at the floor.

In *Nguyen v. Costco Wholesale Corp.,* 2020 WL 1976215 (S.D. Fla. Apr. 24, 2020) the court noted that there was no evidence that the photographs upon which the plaintiff relied showed where the plaintiff fell in relation to what is depicted in the photographs, and how or why any person shown in the photographs would be able to see the liquid or be able to remove it in time to prevent the fall. In the instant case, there is evidence as to each of those points.

In *Ayers v. Wal-Mart Stores, E., L.P.*, 2017 WL 747541 (S.D. Fla. Feb. 27, 2017) there was evidence presented that the various employees in the area near the time of the fall did not observe any liquid on the floor. Here, no Wal-Mart employee testified that they did not observe the liquid on the floor.

More relevant to this case is *Bray v. Nike Retail Services, Inc.,* 2018 WL 3414557 (N.D. Fla. June 4, 2018). Although the District Court does cite it in its Order, it attempts to make it insignificant by using the signal "*cf.*" (D.E. 71; A. 388). Although it is only a district court order (as are many other of the authorities relied on by the District Court), the principles stated therein are very instructive:

32

Ms. Bray does not claim the Nike employee actually saw the liquid on the floor, but Ms. Bray says the employee should have seen it, and that Nike thus had constructive knowledge. Nike disagrees, asserting that Florida courts find constructive knowledge only when a substance has been on a floor for 15 or 20 minutes.

The statute does not establish a grace period of 15 or 20 minutes or any other fixed length. A jury could find that if the liquid was on the floor long enough for a passing employee to see it, then the liquid was there long enough for the employee, in the exercise of reasonable care, to know it was there. Had an employee not passed by this spill, Nike would be entitled to summary judgment. But an employee did pass by. Whether the employee should have seen the liquid and taken action and whether the failure to do so caused Ms. Bray's injury are jury questions.

No purpose would be served by going through the many cases applying the statute. None is identical to this case. A fair view of the law is this. When a plaintiff shows that a store employee passed by or was near liquid on a floor before the plaintiff fell, the defendant's entitlement to summary judgment turns on whether the employee was in a position to see the liquid and take action that would have prevented the fall.

*Id*. at *1

Here, the video record speaks for itself and raises genuine issues of material fact for a jury to consider. As detailed above, multiple employees of Wal-Mart were working in the exact area of Mr. Van Dorsten's fall in the twelve (12) minutes before the incident, including an employee who walked over the exact area

33

of the liquid two (2) minutes before the fall. None of them, although tasked with the responsibility to constantly inspect and maintain the floors, saw the liquid which even the District Court acknowledges was on the floor for more than six (6) minutes prior to Mr. Van Dorsten's fall. Accordingly, a jury may reasonably find that the employees should have seen the liquid on the floor and cleaned it up immediately had they been inspecting the floor per Wal-Mart's policies and procedures.

It is demonstrably clear that rather than drawing all reasonable inferences in favor of Mr. Van Dorsten the District Court improperly drew all inferences against Mr. Van Dorsten and in favor of Wal-Mart. In fact, it ignored evidence from which further reasonable inferences could be drawn that Wal-Mart had constructive notice of the condition of the floor. Accordingly, both the record circumstantial evidence and reasonable inferences arising from that evidence demonstrate Wal-Mart's constructive notice and precluded the entry of summary judgment.

34

**B. <u>There Is An Issue Of Fact As To Whether The Dangerous Condition Occurred With Regularity And Was Therefore Foreseeable.</u>**

Pursuant to Florida Statute §768.0755(1)(b), constructive notice can also be established with circumstantial evidence that the "condition occurred with regularity and was therefore foreseeable." Wal-Mart's employee, Josh Kersey, testified that the store's ceiling leaked over multiple areas of the floor. (D.E. 41; A. 315). He also testified that there were frequent liquid spills on the floor:

> Q: Okay, and then prior to December 6th, 2020, and in the years before you–when you worked there, both as an associate and as a team lead, had you had the opportunity of seeing liquids on the floor at that Walmart?
>
> A: Yes, frequently and it would still be the same procedure to stop and get somebody there, separate from you, to help clean it up, but it was a frequent thing that would happen all of the time. Yes.

(D.E. 41; A. 291).

> Q: Okay, and now prior to December 6th, 2020, were you aware of any people claiming being injured as a result of slip and fall on a liquid?
>
> A: Yes, I mean, it's happened before and I know it was a constant thing that happened at that store. So yes, I could say before December 6th there was definitely some code whites[3] that have been–

---

[3] "Code White" is the store's internal code for "any type of slip, trip, fall injury, bodily injury or anything like that." (D.E. 41; A. 280).

35

Q: Okay

A:--because of liquids.

(D.E. 41; A. 292-93).

In its Order, the District Court relied on various cases which simply do not apply to the issue of foreseeability. *Felder v. Sam's Club East, Inc.,* 2023 WL 3600041 (S.D. Fla. May 23, 2023) was reversed by this Court on grounds other than the foreseeability of the condition on the floor, *Felder v. Sam's Club East, Inc.,* 2024 WL 4430482 (11th Cir. Oct. 7, 2024), and this Court chose not to express any view regarding that ground. *Id.* at *4.

In *Sosa v. Costco Wholesale Corp.,* 2019 WL 3890865, at *7 (S.D. Fla. June 28, 2019), the court found that "Here, there is no evidence that squished raspberries or slippery wet flower blooms were regularly found on the floor of the Store's apparel section or had ever before caused slip-and-falls in that section." Here, there was substantial evidence that ceiling leaks occurred frequently.

In *Walker v. Winn-Dixie Stores, Inc.,* 160 So. 3d 909, 913 (Fla. 1st DCA 2014), the court found the plaintiff failed to "present any evidence that wet conditions occurred with regularity in the area where she fell . . ." Again, here there was substantial evidence that ceiling leaks occurred frequently at this store.

36

In contrast to the cases relied on by the District Court, this case is very similar to *Greeley v. Wal-Mart Stores E., LP*, 337 So. 3d 478 (Fla. 2d DCA 2022) where the plaintiff slipped in a puddle of liquid on the floor. The defendant's manager stated "I thought we fixed this." The court noted that construed in the light most favorable to the plaintiff, that evidence suggested that the leak above the spot where the plaintiff fell had occurred in the past and Walmart employees might have had reason to know about the leak and respond to it. As the court held, "[t]his alone creates a factual issue regarding Walmart's constructive knowledge of the transitory substance." *Id*. at 483.

Similarly, the evidence in the instant case that there were frequent ceiling leaks and liquid spills on the floor, raises a reasonable inference that the liquid on the floor was foreseeable and Wal-Mart should have discovered its presence through the exercise of ordinary care in inspecting the premises. Because a reasonable jury could conclude the condition occurred with regularity and was foreseeable, summary judgment was not proper.

## CONCLUSION

The evidence in this case does not even approach meeting the standard that the evidence be so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict.

Based on the foregoing arguments and authorities this Court should reverse the Final Judgment entered for Wal-Mart.

Respectfully submitted,

DOUGLAS H. STEIN, P.A.
121 Alhambra Plaza, Suite 1500
Coral Gables, Florida 33134
Telephone: (305) 206-1506
Email: dhas@steinappeal.com

By: /s/ <u>Douglas H. Stein</u>
      Douglas H. Stein
      Fla. Bar No. 355283

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Principal Brief of Appellant complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(g)(1). This Initial Brief contains 8,190 words.

38

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24th, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will also send notice of this electronic filing to all counsel of record.

DOUGLAS H. STEIN, P.A.
121 Alhambra Plaza, Suite 1500
Coral Gables, Florida 33134
Telephone: (305) 206-1506
Email: dhs@steinappeal.com

By: /s/ Douglas H. Stein
     Douglas H. Stein
     Fla. Bar No. 355283

## SERVICE LIST

Amanda J. Sharkey Ross, Esq.
Robert V. White, Esq.

Post Office Box 280
Fort Myers, Florida 33902-0280

amanda.ross@henlaw.com
tracey.salerno@henlaw.com
robert.white@henlaw.com
tania.obregon@henlaw.com

*Counsel for Appellee*