DOCKET NO. 25-10108-D

# UNITED STATES COURT OF APPEALS

### FOR THE

# ELEVENTH CIRCUIT

DONALD VAN DORSTEN, JR.,

Plaintiff-Appellant,

v.

WAL-MART STORES EAST, LP,

Defendant-Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

6:22-cv-019790-WWN-DCI

(Hon. Wendy W. Berger)

## APPELLEE'S ANSWER BRIEF

Madison A. Tanner, Esq.
Florida Bar No. 1011247
HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
Post Office Box 280
Fort Myers, FL  33902
Phone: 239-344-1100   Fax: 239-344-1200
Attorney for Appellee

**No. 25-10108-D**

**Van Dorsten v. Wal-Mart Stores East, LP**

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

As per Local Rule 26.1-1, Appellee Walmart certifies these persons, judges, attorneys, association of persons, firms, law firms, partnerships, and corporations that have or may have an interest in the outcome of this action:

Berger, Wendy W. – U.S. District Judge

Douglas H. Stein, P.A., Counsel for Appellant

Fezza, Jason C. – Counsel for Appellant

Henderson Franklin Starnes & Holt, P.A., counsel for Appellee

Irick, Daniel C. – U.S. Magistrate Judge

Pacin Levine, P.A., counsel for Appellant

Ross, Amanda J. Sharkey – Counsel for Appellee

Tanner, Madison – Counsel for Appellee

Van Dorsten, Donald – Appellant

White, Robert V. – Counsel for Appellee

i

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary. The legal standards applicable to this appeal are well settled and not in dispute. The substantive issue raised is a commonplace question under Florida law: whether Plaintiff/Appellant Donald Van Dorsten, Jr. offered sufficient evidence to establish that Walmart was on notice of the alleged dangerous condition that led to his injury in its store. The facts and legal arguments needed to address this question are adequately presented in the district court's order, the parties' briefs, and the record.

# <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ....................................................................i

STATEMENT REGARDING ORAL ARGUMENT ................................ii

TABLE OF CONTENTS ....................................................................... iii

TABLE OF CITATIONS ........................................................................iv

STATEMENT OF THE CASE .................................................................1

SUMMARY OF THE ARGUMENT .......................................................8

ARGUMENT ........................................................................................11

    I.    THE DISTRICT COURT PROPERLY GRANTED
       SUMMARY JUDGMENT BECAUSE THE RECORD FAILS TO
       ESTABLISH CONSTRUCTIVE NOTICE OF A DANGEROUS
       CONDITION ..................................................................................11

          A. The Photographic Evidence Fails to Impute Constructive
            Knowledge ...........................................................................12

          B. The Surveillance Footage Fails to Impute Constructive
            Knowledge ...........................................................................15

          C. There is No Regularity and Foreseeability to Impute
            Constructive Knowledge .......................................................19

CONCLUSION .....................................................................................23

CERTIFICATE OF COMPLIANCE WITH RULE 32 ...........................24

CERTIFICATE OF FILING AND SERVICE .......................................24

**TABLE OF CITATIONS**

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) ...................... 6

Aponte v. Royal Caribbean Cruise Lines Ltd., 739 F. App'x 531, 536
(11th Cir. 2018) ................................................................................ 16

Assing v. Wal-Mart Stores East, LP, 2021 WL 3664014 (M.D. Fla.
August 18, 2021) .............................................................................. 2

Ayers v. Wal-Mart Stores, E., L.P., No. 15-24663-CIV, 2017 WL 747541,
at *3 (S.D. Fla. Feb. 27, 2017) ........................................................ 17

Avila-Andrade v. Wal-Mart Stores E., L.P., No. 22-23488-CV, 2023 WL
6846670, at 3*4 (S.D. Fla. Oct. 17, 2023) ...................................... 15

Bendinelli v. Wal-Mart Stores E., LP, No. 8:20-CV-2893-KKM-JSS,
2021 WL 5760735, at *4 (M.D. Fla. Dec. 2, 2021) ..................... 17, 18

Borroto v. Wal-Mart Stores E., LP, No. 219CV356FTM38NPM, 2020
WL 6591193, at *4 (M.D. Fla. Nov. 10, 2020) ............................... 4

Brown v. Publix Super Markets, Inc., 626 F. App'x 793, 797 (11th Cir.
2015) ................................................................................................. 1

Burger King Corp. v. Weaver, 169 F.3d 1310, 1321 (11th Cir. 1999) ...... 7

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ................................. 7

Cohen v. Carnival Corp., 945 F. Supp. 2d 1351, 1355 (S.D. Fla. 2013) . 12

Cuesta v. School Bd. of Miami-Dade Cty., 285 F.3d 962, 970 (11th Cir.
2002) ................................................................................................. 7

Daniels v. Twin Oaks Nursing Home, 692 F.2d 1321, 1324 (11th Cir.
1982) ............................................................................................. 18, 19

Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011)
............................................................................................................. 10, 11

iv

Dominguez v. Publix Super Markets, Inc., 187 So. 3d 892 (Fla. 3d DCA 2016 ............................................................................................ 18

Felder v. Sam's E., Inc., 2024 WL 4430482 (11th Cir. Oct. 7, 2024) 13,24

Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1117 (11th Cir. 1993) .......... 6

Garcia v. Target Corp., No. 12-20135-CIV, 2013 WL 12101087, at *2 (S.D. Fla. Feb. 26, 2013) ................................................................. 4, 12

Gonzales v. Wal-Mart Stores, Inc., 2023 WL 4841921 (11th Cir. July 28, 2023 .............................................................................................. 15

Greeley v. Wal-Mart Stores E., LP, 337 So. 3d 478 (Fla. 2d DCA 2022) .............................................................................................................. 20

Hamideh v. K-Mart Corp., 648 So. 2d 824, 825 (Fla. 3d DCA 1995) ..... 3

Hernandez v. Sam's E., Inc., No. 21-13039, 2022 WL 15562302, at *1 (11th Cir. Oct. 28, 2022) ............................................................. 14

Imaging Bus. Mach., LLC. v. BancTec, Inc., 459 F.3d 1186, 1189 (11th Cir. 2006) ................................................................................... 6

Lago v. Costco Wholesale Corp., 233 So. 3d 1248, 1250 (Fla3d DCA 2017)................................................................................................ 8

Larsen v. Citibank FSB, 871 F.3d 1295, 1307 (11th Cir. 2017) .............. 5

Leftwich v. Wal-Mart Stores East, LP, 2024 WL 716972, 2 (Fla. 5th DCA 2024) ................................................................................... 12

Merritt v. Dillard Paper Co., 120 F.3d 1181, 1184 (11th Cir. 1997) ........ 6

Myers v. Sears Authorized Hometown Stores, Inc., No. 3:12-CV-111-RS-EMT, 2013 WL 12120149, at *1 (N.D. Fla. Apr. 12, 2013) .................... 8

Nesbitt v. Community Health of South Dade, Inc., 467 So. 2d 711, 715 (Fla. 3d DCA 1985) ............................................................... 18

Oliver v. Winn-Dixie Stores, Inc., 291 So. 3d 126, 129 (Fla. 4th DCA 2020) ................................................................................... 3

v

<u>Palavicini v. Wal-Mart Stores E., LP</u>, 787 F. App'x 1007, 1009 (11th Cir. 2019) .................................................................................................... 20

<u>Partelow v. Edgar</u>, 219 So. 2d 72, 73 (Fla. 4th DCA 1969) .................... 20

<u>Pendergast v. Sprint Nextel Corp.</u>, 592 F.3d 1119, 1132 (11th Cir. 201 ...

.......................................................................................... 20

<u>Poitevint v. United Recovery Sys., LP</u>, 899 F. Supp. 2d 1230, 1237 (N.D. Fla. 2012) ............................................................................................ 5

<u>Pollack v. Fla. Dep't of High. Patrol</u>, 882 So. 2d 927, 937 (Fla. 2004)

.......................................................................................... 18

<u>Steinberg By and Through Steinberg v. Lomenick</u>, 531 So. 2d 199, 200 (Fla. 3d DCA 1988) .................................................................................. 18

<u>Straube v. Moran Foods, LLC</u>, No. 8:16-cv-49-T, 2016 WL 6246539, at *2 (M.D. Fla. Oct. 25, 2016) ............................................................... 4, 15

<u>Torres v. Wal-Mart Stores E., L.P.</u>, No. 19-62352-CIV, 2021 WL

    3634632, at *6 (S.D. Fla. Aug. 17, 2021) .............................................. 17

<u>Valderrama v. Costco Wholesale Corp.</u>, No. 6:23-cv-153, 2024 WL 3635735, at *6-7 (M.D. Fla. July 8, 2024) ............................................. 14

<u>Valdez v. Verona at Deering Bay Condo. Ass'n, Inc.</u>, No. 3D23-0362, 2024 WL3049788, at *2 (Fla. Dist. Ct. App. June 19, 2024) ............... 13

<u>Vallot v. Logan's Roadhouse, Inc.</u>, 567 F. App'x 723, 726 (11th Cir. 2014)

    .......................................................................................... 10,17

<u>Vermeulen v. Worldwide Holidays, Inc.</u>, 922 So. 2d 271, 273 (Fla. 3d

    DCA 2006) ............................................................................................ 21

<u>Wal-Mart Stores, Inc. v. Wittke.</u>, 202 So. 3d 929 (Fla. 2d DCA 2016) .. 18

<u>Woods v. Winn Dixie Stores, Inc.</u>, 621 So. 2d 710, 711 (Fla. 3d DCA

    1993).................................................................................................... 12

<u>Zhanadova v. Wal-Mart Stores East, LP</u>, 2023 WL 6534188 (11th Cir. 2023) .................................................................................................... 16

**Statutes**

Fla. § 768.0755 ............................................................................................ 8

Fla. § 768.0755 (1) ..................................................................................... 11

## <u>STATEMENT OF THE CASE</u>

(i)       Van Dorsten's rendition of the procedural history underlying this case is accurate, and under Local Rule 28-1, Walmart adopts the same. His statement of facts, however, merits individualized attention.

(ii)       Van Dorsten is entitled to have the record construed in his favor at summary judgment. But this standard has limits. Speculation cannot defeat summary judgment. And inferences drawn from the record must be reasonable. <u>See</u> <u>Brown v. Publix Super Markets, Inc.</u>, 626 F. App'x 793, 797 (11th Cir. 2015). In trying to cast Walmart in a negative light, Van Dorsten takes liberties with the record that twists the summary judgment standard beyond its breaking point.

It is undisputed that Van Dorsten slipped on a puddle of clear liquid. (Opening Br. 4). Van Dorsten testified that he did not see the liquid before falling, did not know where it came from, did not know how it got on the floor, and did not know how long it existed before his incident. (Doc. 37 at 33:2-13; 35:4-18). Given this record, Van Dorsten must look elsewhere to establish constructive notice. He relies on three sources.

First are the photographs. Plaintiff attempts to use the photographs taken after the incident, with testimony from Walmart Manger Angela Headley, to argue that the liquid had been present for a long enough time before the incident that it started to dry up. However, the surveillance video already establishes how long the liquid was there. (Doc. 40 at 11:02:16 AM). And, even if we didn't have the benefit of the origination being depicted on the surveillance video, the record reveals that the photographs were taken long after the incident, which accounts for any "drying" of the substance that Plaintiff argues is depicted. See, e.g. Assing v. Wal-Mart Stores East, LP, 2021 WL 3664014 (M.D. Fla. August 18, 2021) (entering summary judgment when plaintiff failed to point to evidence reflecting that the tracks depicted in photographs existed at the time of the incident).

Van Dorsten then turns to the surveillance video. He asserts that the source is not apparent from the video, which supports an inference that the liquid was present for an hour before the fall. Van Dorsten's inference, however, runs contrary to the evidence. At 11:02:16 AM, an unidentified female customer parks a shopping cart, with two small children inside, over the area. (Doc. 40 at 11:02:16 AM).  One of the

2

children is drinking from a bottle (Id.). When the unidentified female customer pushes the shopping cart away from the area, a reflective spot is left that was not there before her visit. (Id.). Plaintiff's incident occurs between six to seven minutes later. (Id. at 11:10:06 AM). In that brief six to seven minutes, Walmart employees are nearby but do not observe the condition. (Id. at 11:04:09 AM, 11:04:44 AM, 11:07:06 AM, 11:07:38 AM, and 11:08:02 AM). Van Dorsten tries to use these employees' mere presence in the area as evidence of constructive notice. That does not suffice because 1) we know when the source of the condition occurred; and even if we didn't 2) summary judgment must be upheld where the only evidence is an employee somewhere near the condition. See, e.g. Oliver v. Winn-Dixie Stores, Inc., 291 So. 3d 126, 129 (Fla. 4th DCA 2020) (video of employee walking through area four times in the 30-minute period before fall did not create dispute of fact when the video was unclear where employee was looking and employee averred that he did not see grape); Hamideh v. K-Mart Corp., 648 So. 2d 824, 825 (Fla. 3d DCA 1995) ("The fact that a store employee may have been stocking shelves with shampoo bottles in the same aisle where the plaintiff slipped and fell on a substance that may have been shampoo is

3

insufficient, without more, to create ... [a] reasonable inference that the defendant had either actual or constructive notice of the dangerous condition."); <u>Borroto v. Wal-Mart Stores E., LP</u>, No. 219CV356FTM38NPM, 2020 WL 6591193, at *4 (M.D. Fla. Nov. 10, 2020) (summary judgment granted for business when absent additional facts, employee "several feet from spill" of "clear three- or four-inch puddle" of water could not establish constructive knowledge); <u>Straube v. Moran Foods, LLC</u>, No. 8:16-CV-49-T-24 AEP, 2016 WL 6246539, at *3 (M.D. Fla. Oct. 25, 2016) ("employees were several feet away from where Plaintiff fell" and "the mere presence of these employees is not sufficient evidence to allow a reasonable jury to conclude that Defendant should have been on notice of the spill"); <u>Garcia v. Target Corp.</u>, No. 12-20135-CIV, 2013 WL 12101087, at *2 (S.D. Fla. Feb. 26, 2013) ("Though there were two employees about ten to fifteen feet away in a carpeted area hanging clothes, there is no indication that they had a view of the tiled aisle so that they could have seen the liquid."). As the district court aptly explained, direct evidence shows how long the spill was on the floor, thus any "failure" of the employees to observe the

4

liquid in that time frame has no bearing on the question of constructive knowledge. (Doc. 71).

Last, Van Dorsten tries to point to other spills or the ceiling as the source of the liquid by referencing incomplete testimony by Walmart employee Josh Kersey. Again, at the risk of being a broken record, the surveillance video reveals the source of the condition. (Doc. 40 at 11:02:16 AM). But, Van Dorsten continues to disregard the video and now ignores the witnesses' complete testimony. Even under the liberal standards governing summary judgment that is not permissible. Kersey clearly testified that while there had been leaks from the ceiling during his employment, he was not aware of any leaks in the <u>particular area where Van Dorsten fell</u>. (Doc. 41 at 48:11-18). Van Dorsten cannot avoid unfavorable testimony by pulling favorable language and spinning a false narrative. <u>See, e.g.</u>, <u>Larsen v. Citibank FSB</u>, 871 F.3d 1295, 1307 (11th Cir. 2017). And, taking Kersey's testimony and running with the idea that the liquid came from an unreported and undocumented ceiling leak amounts to pure speculation. <u>See</u> <u>Poitevint v. United Recovery Sys., LP</u>, 899 F. Supp. 2d 1230, 1237 (N.D. Fla. 2012) ("Unsupported speculation does not create a genuine issue of fact for the

purposes of summary judgment."). There is nothing beyond impermissible guesswork from which a jury could conclude otherwise.

(iii)    A district court's decision on summary judgment is reviewed de novo, "using the same legal standard as [below]." Merritt v. Dillard Paper Co., 120 F.3d 1181, 1184 (11th Cir. 1997); see also Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1117 (11th Cir. 1993) ("When reviewing a grant of summary judgment, the court of appeals may affirm if there exists any adequate ground for doing so, regardless of whether it is the one on which the district court relied.").

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Imaging Bus. Mach., LLC. v. BancTec, Inc., 459 F.3d 1186, 1189 (11th Cir. 2006). "The inquiry performed is the threshold [question of] whether there is the need for a trial – in other words, [are] there . . . any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). "If the

6

defendant in a . . . civil case moves for summary judgment . . . the judge must ask himself whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1321 (11th Cir. 1999).

"It is true that on a motion for summary judgment all reasonable inferences must be made in favor of the non-moving party." <u>Cuesta v. School Bd. of Miami-Dade Cty.</u>, 285 F.3d 962, 970 (11th Cir. 2002). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are implausible." <u>Id.</u> Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Burger King</u>, 169 F.3d at 1321.

Although summary judgment is not designed to replace trial, this relief is appropriate where the record fails to show the necessary elements of a plaintiff's case. A defendant should not be put to the expense of a trial where the only possible result will be a directed verdict. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Such is the case here.

## SUMMARY OF THE ARGUMENT

Landowners in Florida generally "owe a duty to their invitees to exercise reasonable care to maintain their premises in a safe condition." Myers v. Sears Authorized Hometown Stores, Inc., No. 3:12-CV-111-RS-EMT, 2013 WL 12120149, at *1 (N.D. Fla. Apr. 12, 2013).[1]  This general rule has been modified when the invitee is injured by a "transitory foreign substance."  Fla. Stat. § 768.0755.  Under § 768.0755, a claimant must prove "actual or constructive knowledge of the dangerous condition" created by the transitory foreign substance.  This imposes a heightened burden above what was previously required under Florida law.  See Lago v. Costco Wholesale Corp., 233 So. 3d 1248, 1250 (Fla. 3d DCA 2017) (collecting cases).

The district court correctly applied this framework and rejected Appellant Donald Van Dorsten's negligence claim involving a puddle of clear liquid. Van Dorsten does not argue that Walmart had actual notice of the liquid. And the record is devoid of sufficient evidence to indicate Walmart had constructive notice of the liquid.  To overcome his

---

[1] Unless otherwise indicated, all internal quotation marks, citations, or alterations have been omitted in this and later citations.

8

lack of direct evidence, Van Dorsten turns to the surveillance video and photographs. He incorrectly characterizes the contents of both, arguing that the surveillance video fails to show a source of the condition when it was established and that the photographs reveal the liquid was dried. A reasonable review of each piece of evidence reveals otherwise. He also uses the surveillance video to argue that multiple Walmart employees walked near the liquid condition and failed to clean it up. As a reminder, Van Dorsten doesn't argue that these Walmart employees saw the substance, had actual notice of it, and failed to correct it. He just uses this piece of evidence to impute constructive notice, which is contrary to established law. He fails to address the length of time that the condition was present on the floor and confuses the mere presence of an employee with constructive notice. As a last ditch effort, Van Dorsten uses pieces of testimony from a former Walmart employee to argue that incidents occurred in other parts of the store, on other types of substances, making his own incident foreseeable to Walmart. That argument fails as an incident cannot be foreseeable if there are no prior substantially similar incidents within a certain window of time.

9

Van Dorsten cannot avoid summary judgment by pointing to evidence "(1) that the floor was wet; and (2) [he] slipped and fell." Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011). "This is not enough to establish that [Walmart] breached its duty of care." Vallot v. Logan's Roadhouse, Inc., 567 F. App'x 723, 726 (11th Cir. 2014). Accordingly, the district court's summary judgment ruling should be affirmed.

## ARGUMENT

## I. THE DISTRICT COURT PROPERLY GRANTED SUMMARY JUDGMENT BECAUSE THE RECORD FAILS TO ESTABLISH CONSTRUCTIVE NOTICE OF A DANGEROUS CONDITION

Federal courts sitting in diversity, as here, apply the substantive law of the state where the case arises. See Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132 (11th Cir. 2010). In Florida, a plaintiff alleging negligence based on "a transitory foreign substance . . . must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). This case concerns only constructive knowledge, as Van Dorsten accepts there is no evidence that Walmart knew of the clear liquid where he fell. (See Opening Br. 14).

Van Dorsten must prove more than the mere presence of liquid on the floor to establish constructive knowledge. Delgado, 65 So. 3d at 1090. It is true that a plaintiff may rely on circumstantial evidence from which a reasonable jury could infer that the premises owner, in the exercise of reasonable care, should have known of the condition.

11

Woods v. Winn Dixie Stores, Inc., 621 So. 2d 710, 711 (Fla. 3d DCA
1993).   But even a plaintiff relying on circumstantial evidence must
present additional *facts* beyond the mere presence of the liquid to
support a permissible inference that it was present long enough to be
discovered.   See Cohen v. Carnival Corp., 945 F. Supp. 2d 1351, 1355
(S.D. Fla. 2013) ("Constructive notice requires that a defective condition
exist for a sufficient interval of time to invite corrective measures.").
Mere speculation is not enough to meet that burden, and Van Dorsten
cannot ignore the direct evidence.

## A. The Photographic Evidence Fails to Impute Constructive Knowledge

Despite Van Dorsten's best efforts to use the photographs as the
type of "plus" evidence necessary to impute constructive notice, he
misses the mark. The mere existence of "plus" facts are not dispositive
to the issue, as their existence must allow a jury to infer that the
condition existed for a length of time sufficient to establish constructive
notice without assuming other facts. Leftwich v. Wal-Mart Stores East,
LP, 2024 WL 716972, 2 (Fla. 5th DCA 2024). Here, the undisputed facts
establish that the photographs relied upon by Van Dorsten were taken

12

eighteen minutes *after* the incident. Van Dorsten offers no evidence that the liquid was "dried up" or "dirty" at the time of his fall. Even viewing all facts and drawing all reasonable inferences in the light most favorable to Van Dorsten, there is simply no information in the record to reasonably infer that the liquid began drying *before* the incident occurred, especially when the surveillance footage reveals the length of time the substance was on the floor. A "plus" fact must enable a jury to reasonably conclude that the substance was on the floor long enough to establish constructive knowledge. <u>Valdez v. Verona at Deering Bay Condo. Ass'n, Inc.</u>, No. 3D23-0362, 2024 WL 3049788, at *2 (Fla. Dist. Ct. App. June 19, 2024).

Van Dorsten cites <u>Felder v. Sam's E., Inc.</u>, 2024 WL 4430482 (11th Cir. Oct. 7, 2024) in support. However, it is distinguishable. In <u>Felder</u>, summary judgment was reversed based upon two pieces of evidence: 1) photographs that a reasonable jury could interpret as water that was dirty and partially dried, and 2) testimony allowing the inference that Sam's Club had not inspected the site of the slip for an hour or more before the fall. <u>Felder</u> at *2. Neither exist here. When comparing the photographs in <u>Felder</u> with the photographs here, the difference in the

13

condition of the liquids is apparent. The liquid in <u>Felder</u> was dirty, the liquid in the case at bar was not. And, with respect to any "drying" of the liquid depicted in the <u>Felder</u> photographs, there was no evidence as to how much time had passed before photographs were taken there compared to here. Plus, unlike here, there was "no direct evidence of how the water got on the floor or how long it had been there." <u>Felder</u> at *1. But, even <u>Felder</u> acknowledges that evidence the liquid was dirty or dried was not enough to establish constructive notice. <u>Felder</u> at *3. Rather, the court coupled such evidence with an extra "plus" in the form of testimony "about the passage of time between aisle inspections," which it held contributed to a showing of constructive knowledge. <u>Id.</u> Again, no such testimony exists here, no photographs depicting a dirty condition, and no "plus" evidence.

Van Dorsten then unsuccessfully tries to differentiate the cases cited by the district court in granting summary judgment. But he misinterprets the reasoning for each citation and continues to ignore the direct evidence. When the district court relied upon <u>Hernandez v. Sam's E., Inc.</u>, No. 21-13039, 2022 WL 15562302, at *1 (11th Cir. Oct. 28, 2022), <u>Valderrama v. Costco Wholesale Corp.</u>, No. 6:23-cv-153, 2024

14

WL 3635735, at *6-7 (M.D. Fla. July 8, 2024), <u>Avila-Andrade v. Wal-Mart Stores E., L.P.</u>, No. 22-23488-CV, 2023 WL 6846670, at *3-4 (S.D. Fla. Oct. 17, 2023), and <u>Straube v. Moran Foods, LLC</u>, No. 8:16-cv-49-T, 2016 WL 6246539, at *2 (M.D. Fla. Oct. 25, 2016); it was doing so to demonstrate that a liquid's 6 to 7 minute existence on the floor, without more, was insufficient to impute notice.

## B. The Surveillance Footage Fails to Impute Constructive Knowledge

Although Van Dorsten admittedly knows nothing about how long the clear liquid was on the floor, or where it came from, the video establishes that it only existed for a mere 6 to 7 minutes. The district court did not infer the origination of the liquid based upon a child whom "appears to be eating or drinking" alone, but also from the visible spot that is left when the child exits the area. This is nothing like <u>Gonzalez v. Wal-Mart Stores, Inc.</u>, 2023 WL 4841921 (11th Cir. July 28, 2023). In <u>Gonzalez</u>, there were two potential sources of the creamy white substance that caused the plaintiff to slip and fall: 1) a child holding an object near the fall area twenty-one seconds before or 2) employees stocking merchandise and leaving a white smudge on the footage eight

15

minutes prior to the fall. Id. at *1. Such alternative source does not exist here. When the non-moving party's version of events is blatantly contradicted by video evidence in the record, the non-moving party's version of events cannot be accepted. See Zhanadova v. Wal-Mart Stores East, LP, 2023 WL 6534188 (11ᵗʰ Cir. 2023).

Alternatively, Van Dorsten contends that constructive notice can be inferred in that brief 6 to 7 minute time frame because there were Walmart employees in the area that "should have seen it." Van Dorsten himself was unable to observe the clear liquid before his fall, but now argues that the Walmart employees could have observed it.

Van Dorsten is correct that, in some unique situations, Florida law recognizes that the presence of an employee can be circumstantial evidence of constructive notice. See, e.g., Aponte v. Royal Caribbean Cruise Lines Ltd., 739 F. App'x 531, 536 (11th Cir. 2018) (explaining that where a crewmember was in the immediate vicinity of a puddle of soap, a reasonable fact finder could conclude the crewmember knew or should have known about the condition). But even in circumstances where constructive notice has been inferred, there is an important and

obvious prerequisite: the dangerous condition must have been visible to the employee. See Torres v. Wal-Mart Stores E., L.P., No. 19-62352-CIV, 2021 WL 3634632, at *6 (S.D. Fla. Aug. 17, 2021) ("[A] jury can reasonably infer (*at least where the condition is visible*) that those employees should have seen the dangerous condition." (emphasis added)). Put simply, the mere presence of an employee in the area is not enough to avoid summary judgment. There must be some evidence that the dangerous condition was visible. See, e.g., Bendinelli v. Wal-Mart Stores E., LP, No. 8:20-CV-2893-KKM-JSS, 2021 WL 5760735, at *4 (M.D. Fla. Dec. 2, 2021) (declining inference of constructive notice absent evidence the defendant's "employee was continuously present in the area at the time the [hazard] fell on the floor"); Ayers v. Wal-Mart Stores, E., L.P., No. 15-24663-CIV, 2017 WL 747541, at *3 (S.D. Fla. Feb. 27, 2017) ("Although [Walmart's employee] walked by the aisle about a minute before the incident, there is no credible reason to believe that she would have or could have seen the clear substance on the floor."). An employee near the area alone would leave the jury to simply guess about whether the liquid was observable to the employee, which "is not enough to establish that [Walmart] breached its duty of care."

17

<u>Vallot</u>, 567 F. App'x at 726; <u>see also</u> <u>Bendinelli</u>, 2021 WL 5760735, at *4; <u>Garcia v. Target Corp.</u>, No. 12-20135-CIV, 2013 WL 12101087, at *2 (S.D. Fla. Feb. 26, 2013).  And further, Florida substantive law holds that internal policies and procedure do not establish the standard care, nor is it conclusive proof of evidence. <u>See</u> <u>Steinberg By and Through Steinberg v. Lomenick</u>, 531 So. 2d 199, 200 (Fla. 3d DCA 1988); <u>Nesbitt v. Community Health of South Dade, Inc.</u>, 467 So. 2d 711, 715 (Fla. 3d DCA 1985); <u>Pollack v. Fla. Dep't of High. Patrol</u>, 882 So. 2d 927, 937 (Fla. 2004) (written policies do not establish a legal duty); <u>Dominguez v. Publix Super Markets, Inc.</u>, 187 So. 3d 892 (Fla. 3d DCA 2016) (failure of store personnel to abide by internal operating procedures does not create a heightened duty care); <u>Wal-Mart Stores, Inc., v. Wittke</u>, 202 So. 3d 929 (Fla. 2d DCA 2016) (it is error to determine that a breach of policies and procedures is a breach of the standard of care); <u>Steinber v. Lomenick</u>, 531 So. 2d 199, 200 (Fla. 3d DCA 1988).

Stacking an inference to "establish" that an employee near the area could have seen the spill is not proper. Indeed, the Court may not engage in this guesswork, just as a jury could not under Florida law. <u>Daniels v. Twin Oaks Nursing Home</u>, 692 F.2d 1321, 1324 (11th Cir.

18

1982) (noting "an inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation"). Although all inferences must be drawn in Van Dorsten's favor, "an inference based on speculation and conjecture is not reasonable." Espinoza, 843 F. App'x at 173; see Daniels, 692 F.2d at 1322 ("[A]n inference is not reasonable if it is 'only a guess or a possibility,' for such an inference is not based on the evidence but is pure conjecture and speculation.").

## C. There is No Regularity and Foreseeability to Impute Constructive Knowledge

Van Dorsten next argues that "the dangerous condition occurred with regularity and was therefore foreseeable," which establishes constructive notice. (Opening Br. 35.) His theory is that Walmart's knowledge of spills and/or ceiling leaks in other parts of the store made liquid on the floor in the subject area foreseeable, and thus it should have known of the liquid where he fell. (Id. at 35-37.) However, Van Dorsten is overstating the extent of any prior liquids on the floor, or ceiling issues. He also fails to establish that the actual prior incidents were similar to, much less in the area, of Plaintiff's fall. Instead, Van

19

Dorsten stretches Kersey's testimony wherein he referenced his knowledge of prior leaks and/or spills in undisclosed locations in the store throughout the entire course of his employment with Walmart. (Id. at 35-36). Kersey clearly testified that he was not aware of any leaks in the area where Van Dorsten fell. (Doc. 41; A at 48:11-18). Van Dorsten cites Greeley v. Wal-Mart Stores E., LP, 337 So. 3d 478 (Fla. 2d DCA 2022), although it is entirely unhelpful to his position. In Greeley, there was explicit testimony that indicated there was a known prior leak above the exact spot where the plaintiff fell. Here, the record contains no evidence of the locations that any prior leaks occurred in the entire store. Given this fact, it is unreasonable to suggest that Walmart should have expected liquid puddles anywhere throughout its 250,000 square foot store. Walmart is not "an insurer of the safety of those who come upon [its] property. Nor is [Walmart] required to maintain [its] property in such a manner that an accident could not possibly happen." Partelow v. Edgar, 219 So. 2d 72, 73 (Fla. 4th DCA 1969). Yet that is essentially the standard Van Dorsten advances with his arguments.

20

This Court's opinion in <u>Palavicini v. Wal-Mart Stores E., LP</u>, 787 F. App'x 1007, 1009 (11th Cir. 2019) provides a helpful basis for comparison. In that case, the plaintiff slipped and fell in a Walmart store and attributed the accident to an air conditioner. Just as Van Dorsten does here, the plaintiff argued the air conditioner leaked with regularity, which would place Walmart on constructive notice. The panel affirmed summary judgment for Walmart despite testimony and sworn affidavits from its employees indicating that the air conditioner had leaked in the past, as well as a work order stating that a leak was fixed two months before the incident. <u>Id.</u> at 1014. The facts here are nowhere close to as persuasive as the evidence in <u>Palavicini</u>.

Van Dorsten must show liquid occurred with such regularity that Walmart should have anticipated this condition in the area where he fell. The record contains no evidence of a prior leak and/or spills in the area. And to the extent Van Dorsten is advocating that leaks and/or spills elsewhere in the store prove regularity, that position is untenable. <u>See</u> <u>Vermeulen v. Worldwide Holidays, Inc.</u>, 922 So. 2d 271, 273 (Fla. 3d DCA 2006) ("Mere speculation or inference of negligence is insufficient to defeat summary judgment."). Simply put, Van Dorsten wants this

Court to find constructive knowledge based on Walmart's awareness of prior spills and/or ceiling leaks at unknown locations in the store, which is completely improper.  Adopting Van Dorsten's logic would expand the concept of "constructive knowledge" to encompass guesswork and bend logic. To conclude that Walmart should have nevertheless anticipated a ceiling failure or a spill in the specific area where Van Dorsten fell would bend logic beyond its breaking point.

Constructive knowledge requires evidence that Walmart should have known of the liquid where Van Dorsten fell.  For the reasons explained above, the district court correctly found that the record does not permit that conclusion.

## **CONCLUSION**

Van Dorsten has failed to present evidence that would support a reasonable inference Walmart should have known of the liquid where he fell. The district court's summary judgment ruling should therefore be affirmed.

Respectfully submitted,

 **/s/Madison A. Tanner**

Madison A. Tanner

## CERTIFICATE OF COMPLIANCE WITH RULE 32

I HEREBY CERTIFY that in accordance with the type-volume limitations of Fed. R. App. P. 32(a)(7), my word processing program counted 4,379 words in the foregoing brief, exclusive of those portions exempted by Fed. R. App. P. 32(f) and Local Rule 32-4.

In accordance with the typeface requirements of Fed. R. App. P. 32(a)(5), this brief has been prepared in a proportionally spaced typeface using 14-point font.

## CERTIFICATE OF FILING AND SERVICE

On July 23, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jason C. Fezza, Esquire
Jennifer Francisco, Esquire
Amy Melia, Esquire
Eric W. Nicastro, Esquire
Pacin Levine, P.A.
8350 NW 52nd Terrace
Suite 203
Miami, FL 33166
Tel: 305-990-2990 X332
Fax: 786-800-3611

Douglas H. Stein, Esquire
Douglas H. Stein, P.A.
121 Alhambra Plaza, Suite 1500
Coral Gables, FL 33134
Tel: 305.206.1506
dhs@steinappeal.com
Attorney for Appellant

24

jfezza@pl-law.com
bipleadings@pl-law.com
jfrancisco@pl-law.com
Attorneys for Plaintiff

**/s/ Madison A. Tanner**
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
MADISON A. TANNER
Florida Bar No. 1011247
Attorneys for Appellee
Henderson, Franklin, Starnes &
Holt, P.A.
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone:  239.344.1249
Fax:  239.344.1542
amanda.ross@henlaw.com
tracey.salerno@henlaw.com
madison.tanner@henlaw.com
susan.peters@henlaw.com

25